RECEIVED JUN 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. ~~04-N-0288 (CBS)~~ 04-cv-00288-EWN-CBS

CHARLES A. MICALE, individually
and as the Settlor on behalf of
the Charles A. Micale Irrevocable Insurance Trusts
for the benefit of his family members,

Plaintiff,

v.

BANK ONE N.A., et al.

Defendants/Counterclaimants

v.

CHARLES A. MICALE, et al.,

Counterclaim Defendants.

## ORDER ON MOTION TO COMPEL

This matter came on for hearing on "Plaintiff's Motion to Compel and Request for Fees and Costs Pursuant to Rule 37." I have reviewed the Motion and the briefs filed by the parties, as well as all supporting materials attached to those documents, and heard the arguments of counsel before me at the hearing on May 16, 2005 and at a telephone hearing on May 19, 2005.

Being fully advised as to this matter, it is hereby ORDERED as follows:

1. Plaintiff's Motion is GRANTED in part and DENIED in part, as more specifically provided below.

2. Defendants shall produce the following specific documents for review by Plaintiff:

    a. Copies of "at-risk" account list spreadsheet pages or comparable documents listing Bank One "at-risk" clients, as attached to Plaintiff's Motion as the first two pages of Exhibit 16, for the period December 1 2002 through February 1, 2004, with the limitations set forth in paragraph d below.

    b. With respect to each client identified on such spreadsheets as at-risk because of issues characterized as "poor investment performance," "improper investment practices," "nervous investor" and/or "out-of-state investor disagrees with investments," or the like, Defendants shall review its files for and produce to Plaintiff's counsel the following additional documents

        (i) Correspondence between the Bank and the client regarding customer complaints or concerns identified by the Bank about handling of investments;

        Internal memoranda or analyses by the Bank addressing customer complaints or concerns identified by the Bank of poor investment performance;

        Notes of meetings pertaining to the accounts where poor investment performance of the accounts was the subject of discussion either with the client or internally among bank officers;

        Correspondence or documents relating to the ultimate disposition of such complaints or concerns about investment performance.

- 3 -

    c.    Defendants are not required to produce monthly statements or other documents that do not pertain to complaints or concerns identified by the Bank about the issues identified in paragraph 2(b) above.

    d.    Spreadsheets to be produced shall be limited to those distributed for market areas in the Bank One region managed by Scott Dille during the above-described period. Defendants may produce, where they exist, consolidated spreadsheets prepared by the Bank that incorporate spreadsheets from various market areas in lieu of the individual market area spreadsheets.

    e.    Spreadsheets and all other documents produced pursuant to this Order shall be redacted to delete from the documents all names, addresses, account numbers, social security numbers, company or trust names, or any other identifying information with respect to clients or from which clients may be identified. Clients with respect to whom documents are produced shall be designated either numerically or alphabetically so that it is clear which documents pertain to particular customers without further identifying such customers.

3    The spreadsheets to be provided to Plaintiff pursuant to this Order shall be produced not later than June 3, 2005. If additional spreadsheets cannot be found, counsel for Defendants shall so advise counsel for Plaintiff, and the parties shall arrange for a further telephone hearing with the Court.

4. Final production of documents shall be completed on July 5, 2005, unless the Court, upon showing of good cause, extends that date.

5. The documents produced pursuant to this Order shall be designated as "Confidential" pursuant to the Protective Order previously entered in this case. Access to such documents by Plaintiff shall be limited to Plaintiff's counsel, including appropriate staff and employees, and experts only. The documents shall not be provided to any competitor of Bank One or to Charles A. Micale or any members of his family, and shall not be used for any purpose other than this lawsuit.

6. Plaintiff's Motion is DENIED insofar as it calls for costs or sanctions of any kind against Defendants because I find that the parties have made efforts to cooperate and to resolve discovery problems in this case, and I further find that there has been no bad faith or willful misconduct in connection with the document production which is the subject of Plaintiff's Motion.

7. The Court reserves ruling on issues of sharing or allocation of costs related to this document production.

Dated this 27 day of June, 2005.

BY THE COURT:

Craig B. Shaffer
United States Magistrate Judge