IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–00288–EWN–CBS

CHARLES A. MICALE individually and as the Settlor on behalf of the Charles A.
Micale Irrevocable Insurance Trusts for the benefit of his family members,

      Plaintiff,

v.

BANK ONE N.A. (CHICAGO);
BANK ONE TRUST COMPANY, N.A.;
BANC ONE INVESTMENT ADVISORS CORPORATION
      a Wholly Owned Subsidiary of BANK ONE NA;
BANC ONE SECURITIES CORPORATION;
BANK ONE INSURANCE AGENCY, INC.
      a Wholly Owned Subsidiary of BANK ONE NA;
BANK ONE N.A. as Successor of the FIRST NATIONAL BANK OF CHICAGO
and;
AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO,

      Defendants.

---

**ORDER AND MEMORANDUM OF DECISION**

---

This is a breach of fiduciary duty and breach of contract case. Plaintiff and Counterclaim Defendant Charles A. Micale, individually and as Settlor on behalf of the Charles A. Micale Irrevocable Insurance Trusts for the benefit of his family members, and as trustee of the Charles A. Micale Revocable Trust (collectively "Plaintiff")[1] alleges that Defendants and Counterclaim

---

[1] Charles Micale, individually, wears two hats in this litigation. Thus, I refer to Charles Micale, as settlor, and Charles Micale, as trustee, collectively as Plaintiff. I refer to Plaintiff as "he" when necessary.

Plaintiffs, Bank One N.A. (Chicago), Bank One Trust Company, N.A., Banc One Investment Advisors Corporation, Banc One Securities Corporation, Banc One Insurance Agency, Inc., Bank One N.A. (Chicago) as successor of the First National Bank of Chicago, and American National Bank and Trust company of Chicago (collectively "Defendants") breached common law and statutory fiduciary duties, violated the Colorado Uniform Prudent Investor Act, failed to supervise, and breached the contracts between the parties.  This matter is before the court on "Plaintiff's Motion for Rule 54(b) Certification for Final Judgment Re: Order on Defendants' Motion for Judgment on the Pleadings," filed September 27, 2005.  Jurisdiction is based on diversity of citizenship 28 U.S.C. § 1332 (2005).

### 1. *Procedural History Relevant to Plaintiff's Motion For Rule 54(b) Certification for Final Judgment*

The facts of this case are set forth in detail in my August 10, 2005, order and memorandum of decision.  (Order and Mem. of Decision at 2–10 [filed Aug. 8, 2005] [hereinafter "Order"].)  Thus, familiarity therewith is assumed.  With respect to the investment accounts at issue, Plaintiff's third amended complaint asserts claims for: (1) violation of common law fiduciary duty, (Third Am. Compl. ¶¶ 36–39 [filed Aug. 1, 2005] [hereinafter "Third Am. Compl."]); (2) violation of the Colorado Uniform Fiduciaries law, (*id.* ¶¶ 40–43); (3) violation of the Colorado Uniform Prudent Investor Act, (*id.* ¶¶ 44–47); (4) negligent failure to train, monitor, and supervise, (*id.* ¶¶ 48–51); and (5) breach of contract.  (*Id.* ¶¶ 53–57.)

On August 26, 2004, Defendants filed a motion for judgment on the pleadings.  (Defs.' Mot. for J. on the Pleadings [filed Aug. 26, 2004] [hereinafter "Defs.' Mot. for J. on Pleadings"].)  Defendants argued that Plaintiff's claims for breach of fiduciary duty and negligence, as those

claims pertain to the investment accounts, are barred by the economic loss rule. (*Id.* at 10.) Further, Defendants argued that Plaintiff failed to state a claim under the Colorado Uniform Fiduciaries Law and the Colorado Uniform Prudent Investor Act. (*Id.* at 10–16.)

On August 10, 2005, I issued an order and memorandum of decision on Defendants' motion for judgment on the pleadings. (Order.) I determined that Defendants were entitled to judgment on the pleadings because Plaintiff's fiduciary duty and negligence claims with respect to the investment accounts were barred by the economic loss rule. (*Id.* at 30.) Further, I determined that Defendants were entitled to judgment on the pleadings with respect to Plaintiff's claim under the Colorado Uniform Fiduciaries law and Plaintiff's claim under the Uniform Prudent Investor Act. (*Id.* at 16–23.)

On September 27, 2005, Plaintiff filed a motion styled "Plaintiff'[s] Motion for Rule 54(b) Certification for Final Judgment Re: Order on Defendants' Motion for Judgment on the Pleadings." (Pl.'s Mot. for Rule 54[b] Certification for Final J. Re: Order on Defs.' Mot. for J. on the Pleadings [filed Sept. 27, 2005] [hereinafter "Pl.'s Br."].) Plaintiff argues that this court should order a Federal Rule of Civil Procedure 54(b) certification "so that [he] may immediately appeal the [c]ourt's [m]emorandum and [o]rder dated August 10, 2005 finally dismissing Plaintiff'[s] fiduciary duty claims on the investment accounts from this action by application of the 'economic loss rule.'" (*Id.* at 2.) On September 30, 2005, Defendants filed a response to Plaintiff's motion for entry of final judgment. (Defs.' Resp. to Pl.'s Mot. for Entry of Final J. Pursuant to Rule 54[b] [filed Sept. 30, 2005] [hereinafter "Defs.' Resp."].) On October 5, 2005, Plaintiff filed a reply in support of his motion. (Pl.'s Reply to Defs.' Resp. Regarding Mot. for

Rule 54[b] Certification for Final J. Re: Order on Defs.' Mot. for J. on the Pleadings [filed Oct. 5, 2005] [hereinafter "Pl.'s Reply"].)  This matter is fully briefed.

## *2. Rule 54(b)*

Plaintiff seeks a Rule 54(b) certification finally dismissing Plaintiff's fiduciary duty claim on the investment accounts.  (Pl.'s Br. at 2.)  Rule 54(b) provides that:

> [w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b).  Rule 54(b) establishes three pre-requisites for appeal of a separate final judgment on fewer than all claims in a lawsuit: (1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay. *Jordan v. Pugh*, No. 04–1095, 2005 U.S. App. WL 2293799, at *6 (10th Cir. Sept. 21, 2005).  In *Jordan*, the Tenth Circuit recently clarified the proper standard for evaluating a motion for Rule 54(b) judgment. *Id.*  In determining whether a order is final, in that it is the ultimate disposition of an individual claim, the controlling question is whether the claim is "'distinct and separable from the claims left unresolved.'" *Id.* (quoting *Old Republic Ins. Co. v. Durango Air Serv.*, 283 F.3d 1222, 1225 (10th Cir. 2002).

In determining whether a claim is separate the district court must determine whether a subsequent appeal of the claims before the district court will require the court of appeals to revisit the same issues decided in the first appeal. *Id.*  The Tenth Circuit adopted the Seventh Circuit approach explaining that:

> [t]he test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal.

*Id.* (quoting *Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 [7th Cir. 1997]).  Separate appeals will be redundant if the "allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible." *Id.*

Here, Plaintiff suggests that his fiduciary duty claim with respect to the investment account is separate from his remaining breach of contract claim with respect to the investment account and his remaining claims with respect to the trust account.  (Pl.'s Br. at 4–11.)  Plaintiff's fiduciary duty claim with respect to the investment account is not separate from his remaining claims in this litigation because it turns on similar factual questions and legal issues.  Plaintiff maintains a claim for breach of contract with respect to the investment account.  (Third Am. Compl. ¶¶ 53–57.)  Plaintiff basis his breach of contract claim on the same facts that forms the basis of Plaintiff's dismissed breach of fiduciary duty claim.  (Third Am. Compl. ¶ 32, 36, 53–56); *see Jordan*, 2005 WL 2293799, at *7.  Thus, at trial, Plaintiff's fiduciary duty and contract claims would require testimony from the same fact and expert witnesses.

Further, the legal issues implicated in Plaintiff's contract claim overlap with those implicated in Plaintiff's fiduciary duty claims.  Specifically, the issues of admissibility of evidence regarding Plaintiff's control of the investment account and Defendants' actions with respect to the account would be nearly identical.  Finally, Plaintiff acknowledges that he pled these claims in the alternative. (Pl.'s Br. at 9.)  In the Tenth Circuit it is clear that "[i]nterrelated legal claims and

alternative theories for recovery should be litigated and appealed together." *Jordan*, 2005 WL 2293799, at * 9.

Plaintiff does not offer any arguments that counsel against this result. Instead, Plaintiff devotes his entire brief and reply brief re-arguing Defendants' motion for judgment on the pleadings. (Pl.'s Br. at 4–11; Pl.'s Reply at 1–2, 4–9.) Plaintiff's brief essentially amounts to a motion for relief from judgment. Accordingly, Plaintiff is not entitled to a Rule 54(b) certification.

### *3. Conclusions*

Based on the foregoing it is therefore

ORDERED that Plaintiff's motion for entry of judgment under Rule 54(b) (# 149) is DENIED.

Dated this 14th day of October, 2005.

BY THE COURT:

/s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge