IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–00288–EWN–CBS

CHARLES A. MICALE individually and as the Settlor on behalf of the Charles A. Micale Irrevocable Insurance Trusts for the benefit of his family members,

    Plaintiff,

v.

BANK ONE N.A. (CHICAGO);
BANK ONE TRUST COMPANY, N.A.;
BANC ONE INVESTMENT ADVISORS CORPORATION
    a Wholly Owned Subsidiary of BANK ONE NA;
BANC ONE SECURITIES CORPORATION;
BANK ONE INSURANCE AGENCY, INC.
    a Wholly Owned Subsidiary of BANK ONE NA;
BANK ONE N.A. as Successor of the FIRST NATIONAL BANK OF CHICAGO and;
AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO,

    Defendants.

───────────────────────────────────────────────

**ORDER AND MEMORANDUM OF DECISION**
───────────────────────────────────────────────

    This is a breach of fiduciary duty and breach of contract case. Plaintiff and Counterclaim Defendant Charles A. Micale, individually and as Settlor on behalf of the Charles A. Micale Irrevocable Insurance Trusts for the benefit of his family members, and as trustee of the Charles A. Micale Revocable Trust (collectively "Plaintiff")[1] alleges that Defendants and Counterclaim

---

[1] Charles Micale, individually, wears two hats in this litigation. Thus, I refer to Charles Micale, as settlor, and Charles Micale, as trustee, collectively as Plaintiff. I refer to Plaintiff as "he" when necessary.

Plaintiffs, Bank One N.A. (Chicago), Bank One Trust Company, N.A., Banc One Investment Advisors Corporation, Banc One Securities Corporation, Banc One Insurance Agency, Inc., Bank One N.A. (Chicago) as successor of the First National Bank of Chicago, and American National Bank and Trust company of Chicago (collectively "Defendants") breached common law and statutory fiduciary duties, violated the Colorado Uniform Prudent Investor Act, failed to supervise, and breached the contracts between the parties. This matter is before the court on "Defendants' Rule 72 Objections," filed January 7, 2005. Jurisdiction is based on diversity of citizenship 28 U.S.C. § 1332 (2005).

## 1.   *Procedural History Relevant to Defendants' Rule 72 Objections*

Plaintiff filed his initial complaint in this court on February 18, 2004. (Compl. and Jury Demand [filed Feb. 17, 2004] [hereinafter "Compl."].) Plaintiff's prayer for relief included: (1) compensatory damages; (2) special damages; (3) loss of appreciation; (4) pre-judgment and post-judgment interest at the maximum rate allowed by law; (5) attorneys' fees; (6) costs; and (7) all other relief permitted by law. (*Id.* ¶¶ 52[a–f].)

On May 26, 2004, Plaintiff filed his first amended complaint. (First Am. Compl. and Jury Demand [filed May 26, 2004].) Plaintiff requested the same relief as he did in his initial complaint. (*Id.* ¶¶ 57[a–f].) On June 15, 2004, Defendants filed their answer and asserted a counterclaim for declaratory relief. (Answer to First Am. Compl. ¶¶ 30–34 [filed June 15, 2004].) On August 13, 2004, Plaintiff filed his reply to Defendants' counterclaim. (Reply to Defs.' Countercl. [filed Aug. 13, 2004].)

On November 19, 2004, Plaintiff filed a motion to amend the complaint to add a claim for exemplary damages. (Pl.'s Mot. to Am. Compl. [filed Nov. 19, 2004] [hereinafter "Pl.'s Mot. to

Am."].) On December 3, 2004, Defendants filed their response in opposition to Plaintiff's motion to amend. (Defs.' Resp. in Opp'n to Pl.'s Mot. to Am. His Compl. to Add Request for Exemplary Damages [filed Dec. 3, 2004].) On December 13, 2004, Plaintiff filed a "Corrected Motion to Amend Complaint Pursuant to C.R.C.P. 13–21–102(1.5)(a) to Add Claim For Exemplary Damages." (Pl.'s Corrected Mot. to Am. Compl. Pursuant to C.R.C.P. 13–21–102(1.5)(a) to Add Claim For Exemplary Damages [filed Dec. 13, 2004] [hereinafter "Pl.'s Corrected Mot. to Am."].) On December 28, 2004, the magistrate judge granted Plaintiff's motion to amend the complaint to add a claim for exemplary damages. (Order Granting Pl.'s Corrected Mot. to Am. Compl. to Add Claim for Exemplary Damages [filed Dec. 28, 2004] [hereinafter "Order"].) The magistrate judge determined that Plaintiff established good cause under Rule 16(b) to modify the scheduling order and that the motion to amend was proper under Rule 15. (*Id.* at 3, 7.)

On January 5, 2005, Plaintiff filed his second amended complaint and jury demand adding a claim for exemplary damages. (Second Am. Compl. and Jury Demand ¶¶ 48, 54–55 [filed Jan. 5, 2005].) On January 20, 2005, Defendants filed their answer and counterclaim to Plaintiff's second amended complaint. (Answer to Second Am. Compl.)

On January 7, 2005, Defendants filed an objection to the magistrate judge's decision regarding Plaintiff's motion to amend/correct his complaint to add a claim for exemplary damages. (Defs.' Rule 72 Objections [filed Jan. 7, 2005] [hereinafter "Defs.' Br."].) On January 26, 2005, Plaintiff filed his response to Defendants' Rule 72 objections. (Pl.'s Resp. to Defs.' Rule 72 Objections to Magistrate's Ruling Regarding Mot. to Am. to Add Exemplary Damages

Claim for Relief [filed Jan. 26, 2005] [hereinafter "Pl.'s Resp."].)  Defendants have not filed a reply.

### *2.  Standard of Review*

The standard of review that this court employs in considering a magistrate judge's recommendation depends upon whether the motion upon which the magistrate judge has made a recommendation is dispositive or non-dispositive.  Under Federal Rule of Civil Procedure 72(a), a district court may reverse a magistrate judge's decision on a non-dispositive matter only if the decision is found to be "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a) (2004). Under the clearly erroneous standard of review, the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently.  *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).  Rather, the district court must affirm the decision of the magistrate judge unless "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed."  *Id.* at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 [1948]).

For dispositive motions, such as motions for summary judgment and Rule 12(b)(6) motions, a district court assessing a magistrate judge's findings of fact and recommendations for disposition must make a "*de novo* determination of those portions of the report . . . to which objection is made."  *See* 28 U.S.C.A. § 636(b)(1) (2004); Fed. R. Civ. P. 72(b).  "When conducting *de novo* review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous."  *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989).

As a general matter, courts view a magistrate judge's decision to grant leave to amend a complaint as non-dispositive. *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993); *Stetz v. Reeher Enters., Inc.*, 70 F. Supp. 2d 119, 120 (N.D.N.Y. 1999); *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 184 F.R.D. 363, 366 (D. Kan. 1998). Accordingly, I review the magistrate judge's decision regarding Plaintiff's motion for leave to amend his complaint under the clearly erroneous standard.[2]

On November 19, 2004, Plaintiff filed a motion to amend his complaint to add a claim for exemplary damages. (Pl.'s Mot. to Am.) The scheduling order in this case set a deadline of May 22, 2004 for joinder of parties and amendment of pleadings. (Scheduling Order [filed Apr. 15, 2004] [hereinafter "Scheduling Order"].) The scheduling order did not include a claim for exemplary damages. (*Id.*)

Where, as here, a motion to amend the pleadings and join an additional claim for damages is filed after the scheduling order deadline, a "two-step analysis" is required. *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D. S.C. 1997). Once a scheduling order's deadline for amendment of pleadings has passed, a movant must first demonstrate to the court that it has a "good cause" for seeking modification of the scheduling deadline under Rule 16(b). *Id.* If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a). *Smith v. United Parcel Service, Inc.*, 902 F. Supp. 719, 720 (S.D.W.V. 1995); *Marcum v. Zimmer*, 163 F.R.D. 250–254 (S.D.W.V. 1995); *Forstmann v.*

---

[2]The parties agree that the motion to amend the complaint to add a claim for exemplary damages is a non-dispositive motion and the standard of review is clearly erroneous. (Defs.' Br. at 2; Pl.'s Resp. at 2–3.)

*Culp*, 114 F.R.D. 83, 85–86 (M.D.N.C. 1987); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

### a.   *Rule 16(b)*

Rule 16 was drafted to prevent parties from disregarding the agreed-upon course of litigation. *Dilmar Oil*, 986 F. Supp. at 980. This Rule assures the court and the parties that "at some point both the parties and the pleadings will be fixed." Fed. R. Civ. P. 16(a) advisory committee's note, 1983 amendment. "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Dilmar Oil*, 986 F. Supp. at 980 (citing *Jordan v. E.I. du Pont de Nemours*, 867 F.Supp. 1238, 1250 [D.S.C. 1994] [citing *Johnson,* 975 F.2d at 610]). Rule 16(b), unlike Rule 15, does not focus on the bad faith of the party moving to amend his pleading or on prejudice to the opposing party. *Dilmar Oil*, 986 F. Supp. at 980. Instead, the standard is the diligence demonstrated by the moving party in attempting to meet the court's deadlines. *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Good cause" under Rule 16(a) means that scheduling deadlines cannot be met despite a party's diligent efforts. 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Procedure § 1522.1 at 231 (2d ed. 1990). In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(a) advisory committee's note, 1983 amendment; *Forstmann*, 114 F.R.D. at 85. "Rule 16(b) erects a more stringent standard, requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Colorado Visionary*, 194 F.R.D. at 687.

From the outset, I note that under Colorado law, a claim for exemplary damages cannot be included in the initial complaint. Colo. Rev. Stat. § 13–21–102 (1.5)(a) (2005). "[A] claim for exemplary damages . . . may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to [Rule 26] and the plaintiff establishes prima facie proof of a triable issue." *Id.* Thus, Plaintiff could not have included the claim for exemplary damages in his initial complaint.

Further, much of the information that Plaintiff relies upon in establishing his prima facie case for exemplary damages was not developed until after the May 22, 2004, deadline set forth in the scheduling order. The parties acknowledged that their efforts to depose witnesses were complicated by scheduling conflicts. (Unopposed and Agreed Mot. to Enlarge the Time for Designation of Respective Experts at 2 [filed June 21, 2004].) In fact, depositions commenced on June 21, 2004. (*Id.*) Based on this evidence, the magistrate judge determined that under the circumstances, "the May 22, 2004 deadlines for amending the pleadings may have been unrealistic." (Order at 3.) Additionally, Plaintiff alleges that "some of the most important evidence of willful misconduct was documentary evidence of an internal investigation into the losses in large accounts at the bank which, despite being requested long before, was not disclosed to Plaintiff until October 2004." (Pl.'s Resp. at 5.) Thus, Plaintiff did not have enough evidence until after the deadline in the scheduling order passed to add such a claim. In light of the foregoing, the magistrate judge's order allowing Plaintiff to amend his pleadings was not clearly erroneous under Rule 16(b).

Defendants contend "Plaintiff made no effort to demonstrate that he made a diligent effort to file his [m]otion to [a]mend within the time frame set by the [c]ourt or as soon thereafter as

possible." (Defs.' Br. at 4.) Defendants assert that the magistrate judge acknowledged that Plaintiff could have filed the motion to amend "more expeditiously." (*Id.*) While this may be true, Plaintiff demonstrated that he did not have sufficient evidence upon which to base his claim for exemplary damages until after he took depositions and received the rolling disclosures.[3] Further, while the magistrate judge noted that the motion to amend could have been filed "more expeditiously," he contemporaneously acknowledged that "the May 22, 2004 deadline for amending the pleadings may have been unrealistic." (Order at 3, 5.) Thus, Defendants' reliance on this portion of the magistrate judge's order is unavailing.

### b.   *Rule 15*

Next, I evaluate whether Plaintiff's amendment was appropriate under Rule 15. Motions to amend a complaint under Rule 15 shall be freely granted when justice requires. *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). Untimeliness alone may be a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365– 66 (10th Cir. 1993). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *State Distribs., Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir. 1984). In addressing the issue of delay, the court must balance two competing considerations. "Liberality in amendment is important to assure a

---

[3]Plaintiff alleges that based on the federal rules "a party is only required to disclose those documents that they intend to utilize during a case. There is not an affirmative duty to disclose documentation which, as here, would establish wrongful and wilful misconduct on the part of the Defendant." (Pl.'s Resp. at 5 n. 3.) Plaintiff asserts that based on the rolling disclosures, he was not privy to important evidence of willful misconduct until October 2004. (*Id.*)

party a fair opportunity to present his claims and defenses, but equal attention should be given to the proposition that there must be an end finally to a particular litigation." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).

Defendants assert that Plaintiff unreasonably delayed in seeking to amend his complaint and thus, the magistrate's order granting the motion to amend was erroneous. (Defs.' Br. at 3.) The magistrate judge weighed the Defendants' claim of undue delay against the "practical realities of this litigation," and determined that Plaintiff did not unreasonably delay in filing his motion to amend. (Order at 4–5.) I agree with the magistrate judge's conclusions. Plaintiff contends that his delay in seeking to add a request for exemplary damages reflects a cautious interpretation of Colo. Rev. Stat. § 13–21–102. (Pl.'s Resp. at 7–8.) As stated above, "a claim for exemplary damages . . . may be allowed by amendment to the pleadings only after    . . . the plaintiff establishes prima facie proof of a triable issue." Colo. Rev. Stat. § 13–21–102 (1.5)(a) (2005). Plaintiff contends that he did not feel he had sufficient evidence to establish a prima facie case until the depositions were completed and Defendants produced evidence of an internal investigation regarding the losses in large accounts at the bank in October 2004. (Pl.'s Resp. at 7–8.) Thus, the magistrate judge's determination that Plaintiff did not unduly delay in filing his motion to amend was not clearly erroneous.

Further, Defendants cannot claim surprise at Plaintiff's decision to add a claim for exemplary damages. Plaintiff's initial complaint alleged that Defendants engaged in willful and reckless conduct by committing various wrongful acts. (Compl. ¶¶ 28, 31.) In his prayer for relief, Plaintiff requested compensatory damages and "special damages." (*Id.* ¶ 52[b].) The Rule 16 scheduling order submitted by the parties acknowledged that Plaintiff was seeking special

damages, including "punitive damages." (Scheduling Order at 4.) Thus, Defendants have been apprized of Plaintiff's allegations of Defendants' willful and reckless conduct since the inception of the litigation. Defendants' assertion of "prejudice" or "surprise" is disingenuous at best. Accordingly, the magistrate judge's order allowing Plaintiff to amend his pleadings was not clearly erroneous under Rule 15.

### *3.  Conclusions*

Based on the foregoing it is therefore

ORDERED that the objection to the magistrate judge's order (# 86) is OVERRULED and the order will stand as the order of this court.

Dated this 5th day of May, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge