IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–00288–EWN–CBS

CHARLES A. MICALE, individually and as the Settlor on behalf of the Charles A. Micale Irrevocable Insurance Trusts for the benefit of his family members,

    Plaintiffs/Counterclaim Defendants,

v.

BANK ONE N.A. (CHICAGO),
BANK ONE N.A. (CHICAGO);
BANK ONE TRUST COMPANY, N.A.;
BANC ONE INVESTMENT ADVISORS CORPORATION
    a Wholly Owned Subsidiary of BANK ONE NA;
BANC ONE SECURITIES CORPORATION;
BANK ONE INSURANCE AGENCY, INC.
    a Wholly Owned Subsidiary of BANK ONE NA;
BANK ONE N.A. as Successor of the FIRST NATIONAL BANK OF CHICAGO and;
AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO,

    Defendants/Counterclaim Plaintiffs.

---

## ORDER AND MEMORANDUM OF DECISION

---

This is a breach of fiduciary duty and breach of contract case. Plaintiff and Counterclaim Defendant Charles A. Micale, individually, and as Settlor on behalf of the Charles A. Micale Irrevocable Life Insurance Trusts ("ILITs") for the benefit of his family members, and as trustee

of the Charles A. Micale Revocable Trust (collectively "Plaintiff")[1] alleges that Defendants and Counterclaim Plaintiffs, Bank One N.A. (Chicago), Bank One Trust Company, N.A., Banc One Investment Advisors Corporation, Banc One Securities Corporation, Banc One Insurance Agency, Inc., Bank One N.A. (Chicago) as successor of the First National Bank of Chicago, and American National Bank and Trust company of Chicago (collectively "Defendants") breached common law and statutory fiduciary duties, violated the Colorado Uniform Prudent Investor Act, failed to supervise, and breached the contracts between the parties.  This matter is before the court on: (1) "Defendants' Motion to Strike Plaintiff's Jury Demand and Request For Exemplary Damages," filed September 16, 2005; (2) "Defendants' Motion to Dismiss Plaintiff's Life Insurance Trust Claims For Lack of Standing," filed November 4, 2005; (3) "Plaintiff's Motion For Reconsideration," filed March 17, 2006; and (4) "Plaintiff's Amended Motion For Reconsideration With Rule 7.1 Certification," filed March 31, 2006.  Jurisdiction is based on diversity of citizenship 28 U.S.C. § 1332 (2006).

## FACTS

Plaintiff's claims in this case arise out of two ILITs and one investment account.  (Third Am. Compl. with Jury Demand ¶¶ 31–35 [filed Aug. 10, 2005] [hereinafter "Third Am. Compl."].)  The facts of this case are set forth in detail in my August 10, 2005, order and memorandum of decision.  (Order and Mem. of Decision at 2–10 [filed Aug. 10, 2005]

---

[1] Charles Micale, individually, wears two hats in this litigation.  Charles Micale is the settlor of the IILTs and trustee of the revocable trust.  I will refer to Charles Micale in all of his capacities collectively as "Plaintiff."  I refer to Plaintiff as "he" when necessary.

[hereinafter "Order"].) Thus, familiarity therewith is assumed. I will address the procedural history with respect to the submissions presently before the court.

Plaintiff filed his initial complaint in this court on February 17, 2004. (Compl. and Jury Demand [filed Feb. 17, 2004].) Plaintiff asserted claims for (1) violation of common law fiduciary duty with respect to the ILITs and the investment account, (2) violation of the Colorado Uniform Fiduciaries Law, (3) violation of Colorado Uniform Prudent Investor Act, (4) negligent failure to train, monitor, and supervise with respect to the ILITs and the investment account, and (5) bad faith breach of insurance contract. (*Id.* ¶¶ 32–51.) Plaintiff named the following Defendants: (1) Bank One N.A, (2) Banc One Investment Advisors Corporation, (3) Bank One Insurance Agency, Inc., (4) Bank One N.A., as successor of the First National Bank of Chicago, (5) American National Bank and Trust Company of Chicago, (6) William Rosemeyer, and (7) Pat Edwards. (*Id.*) On April 26, 2004, Defendants filed their answer to Plaintiff's complaint. (Defs.' Answer [filed Apr. 26, 2004].)

On May 26, 2004, Plaintiff filed his first amended complaint. (First Am. Compl. and Jury Demand [filed May 26, 2004].) In addition to the claims Plaintiff asserted in his initial complaint, Plaintiff added a claim for breach of contract. (*Id.* ¶¶ 52–56.) On June 15, 2004, Defendants filed their answer and asserted a counterclaim for declaratory relief. (Answer to First Am. Compl. ¶¶ 30–34 [filed June 15, 2004].) On July 26, 2004, the parties stipulated to the dismissal of Defendant William Rosemeyer. (Notice of Dismissal of William Rosemeyer [filed July 26, 2004].)

On August 13, 2004, Plaintiff filed his reply to Defendants' counterclaim. (Reply to Defs.' Countercl. [filed Aug. 13, 2004].)

On August 26, 2004, Defendants filed a motion for judgment on the pleadings. (Defs.' Mot. for J. on the Pleadings [filed Aug. 26, 2004] [hereinafter "Defs.' Mot. for J. on Pleadings"].) Defendants argued that Plaintiff's claims for breach of fiduciary duty and negligence, as those claims pertain to the investment accounts, are barred by the economic loss rule. (*Id.* at 10.) Further, Defendants argued that Plaintiff failed to state a claim under the Colorado Uniform Fiduciaries Law and the Colorado Uniform Prudent Investor Act. (*Id.* at 10–16.)

On November 19, 2004, Defendants filed a motion for summary judgment. (Br. in Supp. of Defs.' Mot. for Summ. J. [filed Nov. 19, 2004] [hereinafter "Defs.' Mot. For Summ. J."].) Defendants argued that they were entitled to summary judgment: (1) with respect to all Plaintiff's claims directed at the ILITs because Plaintiff cannot prove damages, (*id.* at 7.), (2) on their counterclaim for declaratory relief, (*id.* at 12.), and (3) with respect to Plaintiff's claims for damages related to breach of contract on the investment account incurred more than three years before Plaintiff filed his complaint. (*Id.* at 14–18.) On December 9, 2004, Plaintiff filed his response to Defendants' motion for summary judgment. (Pl.'s Resp. to Defs.' Mot. for Summ. J. [filed Dec. 9, 2004] [hereinafter "Pl.'s Resp. to Summ. J."].) Defendants filed their reply on January 10, 2005. (Defs.' Reply Br. in Supp. of Their Mot. for Summ. J. [filed Jan. 10, 2005].)

On August 1, 2005, Plaintiff filed his third amended complaint asserting the following claims: (1) violation of common law fiduciary duty with respect to the ILITs and the investment

account, (Third Am. Compl. ¶¶ 36–39); (2) violation of the Colorado Uniform Fiduciaries law, (*id.* ¶¶ 40–43); (3) violation of the Colorado Uniform Prudent Investor Act, (*id.* ¶¶ 44–47); (4) negligent failure to train, monitor, and supervise with respect to the ILITs and the investment account, (*id.* ¶¶ 48–51); and (5) breach of contract with respect to the investment account. (*Id.* ¶¶ 53–57.)

On August 10, 2005, I issued an order and memorandum of decision on Defendants' motion for judgment on the pleadings and motion for summary judgment. (Order.) With respect to Defendants' motion for judgment on the pleadings, I determined that Defendants were entitled to the relief they sought because: (1) Plaintiff's fiduciary duty and negligence claims with respect to the investment accounts were barred by the economic loss rule; and (2) Plaintiff's claims under the Colorado Uniform Fiduciaries law and the Uniform Prudent Investor Act were improper. (*Id.* at 16–23, 30.) With respect to the motion for summary judgment, I determined that Defendants were entitled to summary judgment on their counterclaim for declaratory relief because Defendants did not bear any liability or responsibility to pay future payments on the Travelers policies. (*Id.* at 39–41.) Additionally, I determined that Plaintiff's claims for damages with respect to the breach of contract claim on the investment account were barred by the applicable statute of limitations to the extent Plaintiff incurred those damages more than three years before the filing of the lawsuit. (*Id.* at 38–39.) Finally, I determined that Defendants were not entitled to summary judgment with respect to Plaintiff's remaining claims relating to the ILITs because Plaintiff offered sufficient evidence of damages. (*Id.* at 31–34, 42.)

On September 27, 2005, Plaintiff filed a motion styled "Plaintiff'[s] Motion For Rule 54(b) Certification For Final Judgment Re: Order on Defendants' Motion For Judgment on the Pleadings." (Pl.'s Mot. For Rule 54[b] Certification for Final J. Re: Order on Defs.' Mot. For J. on the Pleadings [filed Sept. 27, 2005] [hereinafter "Rule 54(b) Mot."].)  Plaintiff argued that this court should order a Rule 54(b) certification "so that [he] may immediately appeal the [c]ourt's [m]emorandum and [o]rder dated August 10, 2005 finally dismissing Plaintiff'[ s] fiduciary duty claims on the investment accounts from this action by application of the 'economic loss rule.'" (*Id.* at 2.)  Plaintiff argued that the Colorado Supreme Court's decision in *A.C. Excavating v. Yacht Club II Homeowners Ass'n, Inc.*, 114 P.3d 862 (Colo. 2005) required that this court reconsider its August 10, 2005 order or certify the judgment.  (*Id.*)

On October 17, 2005, the court denied Plaintiff's motion for Rule 54(b) certification. (Order and Mem. of Decision [filed Oct. 17, 2005] [hereinafter "Rule 54(b) Order"].)  The court determined that Plaintiff's fiduciary duty claim with respect to the investment account was not separate from his remaining claims in the litigation because it turns on similar factual questions and legal issues.  (*Id.* at 5.)  Specifically, the court determined that Plaintiff's remaining claims would require testimony from the same fact and expert witnesses.  (*Id.*)  Plaintiff did not offer any arguments that counseled against this result.  (*Id.*)  Poignantly, Plaintiff's motion for Rule 54(b) certification essentially amounted to a motion for reconsideration or a motion for relief from judgment of the court's August 10, 2005 order.  (*Id.* at 6.)  Indeed, Plaintiff "devote[d] his entire brief and reply brief re-arguing Defendants' motion for judgment on the pleadings."  (*Id.*)

On September 16, 2005, Defendants filed a motion to strike Plaintiff's jury demand and request for exemplary damages. (Defs.' Mot. to Strike Pls.' Jury Demand and Request For Exemplary Damages [filed Sept. 16, 2005] [hereinafter "Defs.' Mot. to Strike"].)  Defendants contend that Plaintiff is not entitled to a jury trial on his claims related to the ILITs because these claims are equitable. (*Id.* at 2–3.) Additionally, Defendants contend that Plaintiff is not entitled to exemplary damages on the ILIT claims or Plaintiff's remaining breach of contract claim. (*Id.* at 3.) On October 13, 2005, Plaintiff filed a response to Defendants' motion to strike Plaintiff's jury demand and request for exemplary damages. (Pl.'s Resp. to Defs.' Mot. to Strike Jury Demand and Request For Exemplary Damages [filed Oct. 13, 2005] [hereinafter "Pl.'s Resp. to Mot. to Strike"].) On November 4, 2005, Defendants filed a reply in support of their motion to strike Plaintiff's jury demand and request for exemplary damages. (Defs.' Reply Br. in Supp. of Mot. to Strike Pl.'s Jury Demand and Request For Exemplary Damages [filed Nov. 4, 2005] [hereinafter "Defs.' Reply to Mot. to Strike"].) This matter is fully briefed.

On November 4, 2005, Defendants filed a motion to dismiss Plaintiff's ILIT claims for lack of standing. (Defs.' Mot. to Dismiss Pl.'s Life Ins. Trust Claims For Lack of Standing [filed Nov. 4, 2005] [hereinafter "Defs.' Br."].) Defendants contend that Plaintiff does not have standing to pursue the ILIT claims because he does not have any legal interest in the trust property or ability to enforce the trustees' duties. (*Id.* at 5.) On December 5, 2005, Plaintiff responded to Defendants' motion to dismiss. (Pl.'s Resp. to Defs.' Mot. to Dismiss Pl.'s Life Ins. Trust Claims For Lack of Standing [filed Dec. 5, 2005] [hereinafter "Pl.'s Resp."].) On

December 19, 2005, Defendants filed a reply in support of their motion to dismiss. (Defs.' Reply Br. in Supp. of Mot. to Dismiss Pl.'s Life Ins. Trust Claims For Lack of Standing [filed Dec. 19, 2005] [hereinafter "Defs.' Reply"].) This matter is fully briefed.

On March 17, 2006, Plaintiff filed a motion for reconsideration of my August 10, 2005 order and memorandum of decision. (Pl.'s Mot. For Reconsideration [filed Mar. 17, 2006] [hereinafter "Pl.'s Mot. For Reconsideration"].) Plaintiff's motion for reconsideration advances the same arguments as Plaintiff's opposition to Defendants' motion for judgment on the pleadings and Plaintiff's motion for Rule 54(b) certification. (*Id.*, *passim*.) Specifically, Plaintiff contends that *Yacht Club II* and "Colorado law on application of the economic loss rule requires that an initial determination be made as to whether a special relationship . . . exists between the parties." (*Id.* at 1.) On March 24, 2006, Defendants filed a response to Plaintiff's motion for reconsideration. (Defs.' Resp. to Pl.'s Mot. For Reconsideration [filed Mar. 24, 2006] [hereinafter "Defs.' Resp. to Mot. For Reconsideration"].) Defendants attached a table highlighting the similarities between Plaintiff's motion for reconsideration and his: (1) opposition to Defendants' motion for judgment and (2) motion for Rule 54(b) certification. (*Id.*, Ex. 1 [Table Listing Similarities Between the Two Mots.].) As stated above, the court previously ruled on both Defendants' motion for judgment on the pleadings and Plaintiff's motion for Rule 54(b) certification. On April 10, 2006, Plaintiff filed a reply in support of his motion for reconsideration. (Reply to Defs.' Resp. Regarding Pl.'s Mot. For Reconsideration [filed Apr. 10, 2006].) This matter is fully briefed.

On March 31, 2006, Plaintiff filed an amended motion for reconsideration. (Pl.'s Am. Mot. For Reconsideration With Rule 7.1 Certification [filed Mar. 31, 2006].) Plaintiff reiterated the arguments he proffered in his original motion for reconsideration and added a Rule 7.1 certification. (*Id.*) Thankfully, Defendants did not file a response.

## ANALYSIS

### *1.   Motion For Reconsideration*

Plaintiff requests the court to reverse its August 10, 2005 ruling disposing of Plaintiff's fiduciary duty and negligence claims regarding the investment account because the court "misapprehended" the "applicable law." (Pl.'s Mot. for Reconsideration at 2.) Plaintiff suggests that the Colorado Supreme Court's decision in *Yacht Club II* changes the court's aforementioned ruling. (Pl.'s Mot. for Reconsideration at 2–3.) Plaintiff appears to bring his motion pursuant to Federal Rule of Civil Procedure 60(b). (*Id.* at 3.)

A motion to reconsider may be appropriate under Rule 60. Rule 60(b) states that:

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; (6) any other reason justifying relief form the operation of the judgment.

Fed. R. Civ. P. 60(b) (2006). A motion to reconsider is only granted under limited circumstances.

> [A] motion to reconsider would be appropriate where, for example, the [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by

> the parties, or has made an error not of reasoning but of
> apprehension. A further basis for a motion to reconsider would be
> a controlling or significant change in the law or facts since the
> submission of the issue to the [c]ourt.

*United States v. Ibarra*, 920 F.2d 702, 706 n.3 (10th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 [E.D. Va. 1983]), *cert. granted and judgment vacated on other grounds*, 502 U.S. 1, 112 S. Ct. 4 (1991). "Such problems rarely arise and the motion to reconsider should be equally rare." *Above the Belt, Inc.*, 99 F.R.D. at 101. It is not appropriate to file a motion for reconsideration merely "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Bartholic v. Scripto-Tokai Corp.*, 140 F. Supp. 2d 1098, 1124 (D. Colo. 2000).

     Here, Plaintiff advances the identical arguments that he advanced in moving for Rule 54(b) certification and opposing Defendants' motion for judgment on the pleadings. Indeed, Plaintiff's motion for reconsideration consists of eight pages and fourteen paragraphs. (Pl.'s Mot. For Reconsideration at 3–8.) At least seven of the pages and six of these paragraphs are identical in all respects to Plaintiff's Rule 54(b) motion. (*Compare* Pl.'s Mot. for Reconsideration, *with* Rule 54(b) Mot, *with* Defs.' Resp. to Mot. for Reconsideration, Ex. 1 [Table Listing Similarities Between the Two Mots.].) Both submissions argue that *Yacht Club II* requires this court to reverse its prior ruling regarding Plaintiff's fiduciary duty and negligence claims with respect to

the investment account. (*Id.*) As with Plaintiff's motion for Rule 54(b) certification, the present motion for reconsideration amounts to nothing more than Plaintiff's attempt to reargue his case. *See Bartholic*, 140 F. Supp. 2d at 1124; *see* (Rule 54[b] Order ["Plaintiff devotes his entire brief and reply brief re-arguing Defendants' motion for judgment on the pleadings. Plaintiff's brief essentially amounts to a motion for relief from judgment."].) Not surprisingly, Plaintiff's motion for reconsideration does not advance any new arguments.

The Federal Rules of Civil Procedure do not allow Plaintiff to multiply the proceedings in such a fashion.

> A motion for reconsideration is not a licence for a losing party's attorney to get a 'second bite at the apple' by using a word processor to move around the paragraphs from a previously submitted brief, and file a retread of the old brief disguised as a motion for reconsideration.

*Shields v. Shelter*, 120 F.R.D. 123, 126 (D. Colo. 1988). As a result of Plaintiff's unreasonable and vexatious conduct in this case the court had to address Plaintiff's identical arguments for a third time.[2] Thus, the court finds Plaintiff's arguments regarding his fiduciary duty and negligence claims with respect to the investment account unavailing for a third and final time. Accordingly, Plaintiff's motion for reconsideration is denied.

### 2.     *Defendants' Motion to Dismiss Plaintiff's Life Insurance Trust Claims*

As stated above, Plaintiff's remaining claims in this case with respect to the ILITs are: (1) violation of common law fiduciary duty, and (2) negligent failure to train, monitor, and supervise.

---

[2]Plaintiff and his law firm are teetering on the brink of sanctions under Federal Rule of Civil Procedure 11. The court refrains only because it would undoubtedly engender interminable collateral litigation. Counsel now have notice.

(Third Am. Compl. ¶¶ 36–52.)³ Defendants move the court to dismiss Plaintiff's remaining ILIT claims for lack of subject matter jurisdiction because Plaintiff lacks standing to litigate these claims. (Defs.' Br. at 5.)

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move the court to dismiss the claim for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Defendants' motion implicates this court's subject matter jurisdiction because it challenges Plaintiff's standing. A motion to dismiss for lack of standing may be asserted "at any time in the judicial process." *Bd. of County Comm'rs for Garfield County, Colo. v. W.H.I., Inc.*, 992 F.2d 1061, 1063 (10th Cir. 1993). Thus, the court must evaluate Defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Colorado Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004).

When a defendant challenges subject matter jurisdiction, the plaintiff must establish such jurisdiction by a preponderance of the evidence. *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995). Unlike a Rule 12(b)(6) motion, a motion under Rule 12(b)(1) "can include references to evidence extraneous to the complaint without converting it to

---

³Plaintiff appears to have pled a breach of contract claim based on the ILITs in his third amended complaint. (Third Am. Compl. ¶¶ 53–57.) In the court's August 10, 2005, order and memorandum of decision the court mentioned Plaintiff's breach of contract claim with respect to the ILITs. (Order at 31.) Based on the parties' later submissions, the court concludes that Plaintiff did not intend to assert a breach of contract claim based on the ILITs. (Defs.' Mot. to Strike at 2 n.1; Pl.'s Resp. to Mot. to Strike at 2.) Plaintiff asserts that his remaining claims with respect to the ILITs are "common law breach of fiduciary duty [] and negligence." (Pl.'s Resp. to Mot. to Strike at 2.) Thus, to the extent the court characterized Plaintiff's complaint as stating a claim for breach of contract relating to the ILITs, the court withdraws such characterization.

a Rule 56 motion." *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987). Indeed, the court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts under 12(b)(1)." *Id.*

"'The standing inquiry requires [the court] to consider both constitutional limits on federal-court jurisdiction and prudential limitations on its exercise.'" *Bd. of County Comm'rs of Sweetwater County v. Geringer*, 297 F.3d 1108, 1111–12 (10th Cir. 2002) (quoting *Sac & Fox Nation of Mo. v. Pierce*, 213 F.3d 566, 573 [10th Cir. 2000]). Constitutional standing derives from Article III and restricts a federal court's jurisdiction to suits involving an actual case or controversy. *Geringer*, 297 F.3d at 1111. To satisfy constitutional standing requirements, Plaintiff must demonstrate the presence of three elements: (1) "injury in fact" or "invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) "a causal relationship between the injury and the challenged conduct;" and (3) "a likelihood that the injury will be redressed by a favorable decision." *Buchwald v. Univ. of New Mexico Sch. of Med.*, 159 F.3d 487, 493 (10th Cir. 1998). Defendants assert that Plaintiff cannot establish an "injury in fact" with respect to the trust claims.

A federal court sitting in diversity must consult state law of the jurisdiction to determine the nature of the litigant's rights and whether he is entitled to assert the claims he makes. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 118 (4th Cir. 2004) (citing *Gallagher v. Cont'l Ins. Co.*, 502 F.2d 827, 832–33 [10th Cir. 1974]). "A litigant bringing a diversity action . . . can have no greater ability to assert legal rights created under state law than it would have in

the state forum." *Gen. Tech.*, 388 F.3d at 118. Thus, I must apply Colorado law on trusts to determine if Plaintiff, individually and as settlor, has standing to maintain the trust claims in this case.[4]

From the outset, I note that Plaintiff emphatically maintains that "it is [he], not the trust beneficiaries, who seek[] damages" in this lawsuit. (Pl.'s Resp. to Mot. to Strike at 2; Pl.'s Resp. at 10.) Indeed, Plaintiff maintains that the trust beneficiaries are only "nominal plaintiffs in the action."[5] (Pl.'s Resp. to Mot. to Strike at 2 n.1.) Plaintiff contends that he "has standing because he has suffered the loss of an estate planning asset that the [ILITs] were intended to provide." (Pl.'s Resp. at 5.)

As stated above, Plaintiff is the settlor of the two ILITs and Defendants are the trustees. (Order at 2–7.) A trustee must administer a trust solely in the interest of the trust beneficiary. *Brotman v. East Lake Creek Ranch, L.L.P.*, 31 P.3d 886, 894–95 (Colo. 2001). "Only a beneficiary or one suing on his or her behalf can maintain a suit against the trustee to enforce trust responsibilities or to enjoin or obtain redress for a breach of trust." *Id.* (citing Restatement

---

[4]Plaintiff asserts that "Colorado trust law" does not apply. (Pl.'s Resp. at 2 n.1.) Instead, Plaintiff contends that "the issue is whether [Plaintiff] has standing under all of Colorado law or not for the claims asserted in this case." (*Id.*) Plaintiff does not cite any authority or explanation for this proposition. (*Id.*) The court finds Plaintiff's distinction between "Colorado trust law" and "all of Colorado law" puzzling. In the court's view, "all of Colorado law" subsumes "Colorado trust law." Moreover, the issues in this case involve two ILITs. Therefore, it is appropriate to apply "Colorado trust law."

[5]Plaintiff clarifies that "[t]he procedural history is that the beneficiaries were sued as third party defendants and later, by agreement of the parties, re-aligned as nominal plaintiffs in the action." (Pl.'s Resp. to Mot. to Strike at 2 n.1.) Plaintiff reiterates that it is he, not the beneficiaries, who seek damages in this lawsuit. (*Id.*)

[Second] of Trusts § 200).  A settlor does not retain any interest in trust property and therefore cannot maintain a suit to enforce the trustee's duties or responsibilities with respect to the trust. Restatement (Second) of Trusts § 200 cmt. b (2006).  If the settlor retains an interest in trust property he can maintain a suit against the trustee to protect his interest.  *Id.*  Additionally, "if the settlor makes a contract with the trustee, he can maintain an action on the contract against the trustee."  *Id.*

Here, Plaintiff, as settlor, has not produced any evidence that he retained an interest in the ILITs or that he has an independent contract with the trustees.  Indeed, Plaintiff maintains that his only causes of action relating to the ILITs are for common law breach of fiduciary duty and negligence.  (Pl.'s Resp. to Mot. to Strike at 2.)  Specifically, Plaintiff contends that "Defendants' [sic] owe [him] personally a fiduciary duty concerning the management of the [ILITs] maintained within his estate plan."  (Pl.'s Resp. at 2.)  Plaintiff's position is incorrect and contrary to basic trust law.  As described above, Defendants do not owe Plaintiff "personally" any fiduciary duties associated with the management of the ILITs.  The trust beneficiaries are the only potential people who may enforce any fiduciary or other duties relating to the trust.  Accordingly, Plaintiff, individually and as settlor, does not have standing under Colorado law to maintain an action against Defendants for alleged breach of fiduciary or other duties related to the ILITs.

Plaintiff offers two arguments that counsel against this result.[6] First, Plaintiff contends "[t]he [c]ourt has already ruled in its August 10, 2005 [o]rder and [m]emorandum of [d]ecision that Defendants' owe [Plaintiff] personally a fiduciary duty concerning the management of the [ILITs]." (Pl.'s Resp. at 2–3.) Plaintiff fatally misconstrues the court's order. In the August 10, 2005, order and memorandum of decision the court denied Defendants' motion for summary judgment with respect to the merits of Plaintiff's ILIT claims. (Order at 31–35.) Defendants alleged that they were entitled to summary judgment as to the ILIT claims because Plaintiff did not produce any evidence of damages. (Defs.' Mot. For Summ. J. at 7.) The court determined that Plaintiff produced sufficient evidence of damages to survive summary judgment on these claims. (Order at 31–34.) The parties did not raise the standing issue at the summary judgment stage and the court did not address or mention Plaintiff's standing to bring the ILIT claims. Indeed, the court's evaluation of the substantive merits of the claim does not have any bearing Plaintiff's standing. *See eg., Steel Co. v. Citizens For a Better Env't*, 523 U.S. 83, 89–96 (1998) (describing the difference between a standing challenge and the substantive merits of the claim). Accordingly, Plaintiff's argument as to this point fails.

Second, Plaintiff contends that Defendants owe him fiduciary duties. (Pl.'s Resp. at 6.) Specifically, Plaintiff asserts that "once [] Defendants took on the role of managing [Plaintiff's]

---

[6]I pause to note that Plaintiff's opposition to Defendants' motion to dismiss consists of eleven pages without a single citation to any legal or record support. (Pl.'s Resp., *passim*.) In fact, Plaintiff does not mention, nor dispute, the legal authority Defendants cite in support of their motion. Plaintiff's entire opposition brief consists of sentences and paragraphs strung together explaining Plaintiff's theory of his case without legal support.

estate planning for him — they had other independent duties to [Plaintiff] aside from his role as [s]ettlor of the [ILITs]." (Pl.'s Resp. at 7–8.) Plaintiff does not cite any authority for this proposition. (*Id.* at 7–9.) As stated above, Plaintiff divested himself of his rights in the trust property and his ability to enforce the duties and responsibilities of the trustees when he: (1) created the ILITs, (2) designated his family members as beneficiaries, and (3) designated Defendants as the trustees. Thus, Plaintiff, individually and as settlor, cannot maintain a suit to enforce Defendants' duties or responsibilities with respect to the ILITs. Accordingly, Plaintiff's ILIT claims must be dismissed.[7]

### 3. *Conclusions*

Based on the foregoing it is therefore

ORDERED as follows:

1. Defendants' motion to strike jury demand and request for exemplary damages (# 148) is GRANTED in part and DENIED as moot in part. Defendants' motion is granted with respect to Plaintiff's claim for exemplary damages. Defendants' motion is denied as moot with respect to the jury demand on the ILIT claims.

2. Defendants' motion to dismiss Plaintiff's ILIT claims for lack of standing (# 170) is GRANTED.

3. Plaintiff's motion for reconsideration (# 177) is DENIED.

---

[7]Plaintiff's only remaining claim is for breach of contract with respect to the investment account. The parties agree that exemplary damages are not available for breach of contract claims. (Pl.'s Resp. to Mot. to Strike at 2.) Thus, Plaintiff's claim for exemplary damages must be dismissed.

  4.  Plaintiff's amended motion for reconsideration (# 179) is DENIED.

  5.  The court will hold a status conference commencing at 3:30 o'clock p.m. on Thursday, June 1, 2006, in Courtroom A1001 of the Alfred A. Arraj United States Courthouse, 901 19th street, Denver, Colorado.

  Dated this 18th day of May, 2006.

              BY THE COURT:

              s/ Edward W. Nottingham
              EDWARD W. NOTTINGHAM
              United States District Judge